AB:KCB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK 2009 CHEVROLET TAHOE WITH VIN 1GNFK33089R140668 AND ANY CLOSED COMPARTMENTS AND CONTAINERS CONTAINED THEREIN. | APPLICATION FOR A SEARCH WARRANT FOR PREMISES<br><br>Case No. 19-M-636 |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, RYAN B. MCCUE, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2015. I am currently assigned to the Transnational Organized Crime unit. In that position, I have had significant training and experience investigating a wide range of crimes involving conspiracy, kidnapping, attempted homicide, firearms offenses, wire fraud and narcotics trafficking. I have, among other things, conducted or participated in surveillance, the execution of search warrants, debriefings of informants and reviews of taped conversations, and have participated in investigations that included the interception of wire and electronic communications.

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a black 2009 Chevrolet Tahoe with VIN1GNFK33089R140668, registered to Tornike Lubyk, 75 Main Street, Apt 1104, Norwalk, Connecticut, and any closed compartments and containers contained therein (the

1

"TARGET VEHICLE") as described in Attachment A, for the things described in Attachment B.

3. Upon information and belief, there is probable cause to believe that there is kept and concealed within the TARGET VEHICLE items that constitute evidence, fruits and/or instrumentalities of violations of Title 18, United States Code, Sections 912 (impersonating a Federal Officer or Employee) and 701 (Possession of Official Badge, Identification Card, or Other Insignia) (the "SUBJECT OFFENSES"), as further described in Attachments A and B.

4. Unless otherwise noted, wherever in this affidavit that I assert that a statement was made, the information was provided by another agent or law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in sum and substance and in part unless otherwise indicated. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## THE TARGET VEHICLE

5. The TARGET VEHICLE is a black 2009 Chevrolet Tahoe with VIN 1GNFK33089R140668, registered to Tornike Lubyk, 75 Main Street, Apt 1104, Norwalk, Connecticut, and any closed compartments and containers contained therein. The TARGET VEHICLE is known to be used by Tornike Lubyk ("LUBYK"). FBI agents found the TARGET VEHICLE parked at 50 Main Street, Hempstead, New York on or about July 11, 2019, and the TARGET VEHICLE was subsequently taken into FBI custody and towed to

the Hempstead Police Department located at 99 James A. Garner Way, Hempstead, New York.

6. Connecticut State Department of Motor Vehicles ("DMV") records indicate that the TARGET VEHICLE is registered to LUBYK.

### FACTS ESTABLISHING PROBABLE CAUSE

7. On or about July 8, 2019, at approximately 10:21 p.m., a concerned motorist called 911 reporting that the driver of a black Chevy Tahoe, with a Connecticut license plate (the TARGET VEHICLE), driving on a New Jersey highway, had activated emergency lights and had attempted to pull over a vehicle on Route 17 in Allendale, New Jersey. The concerned motorist provided the vehicle's license plate number to the 911 dispatcher. Minutes later, the Allendale Police Department issued a radio transmission to law enforcement officers in the surrounding areas regarding the information obtained from the concerned motorist.

8. Shortly thereafter, on or about July 8, 2019, Paramus police officers ("Paramus PD"), acting in response to the radio bulletin issued by the Allendale Police Department, observed the TARGET VEHICLE traveling southbound on Route 17 in Paramus, New Jersey. Paramus PD initiated a stop of the TARGET VEHICLE by activating patrol lights. In response, the driver of the TARGET VEHICLE activated his own red and blue emergency lights. This incident was captured by Paramus PD vehicle dash camera footage.

9. During the stop, the male driver identified himself as Tornike Lubyk ("LUBYK") and presented Paramus PD with a badge bearing FBI insignia, credentials appearing to belong to an FBI agent bearing LUBYK's name, and an apparent official FBI

3

security access card. LUBYK repeatedly advised Paramus PD that he was "with the FBI" and, specifically, in sum and substance, that he worked for the FBI's "C-22" organized crime squad based in the FBI's Manhattan field office. LUBYK also advised Paramus PD that he was in possession of a firearm, located in an unspecified console inside the vehicle. The audio of this encounter was captured by a body microphone worn by a Paramus PD officer.

10. Paramus PD determined that LUBYK's driver's license was valid and that the TARGET VEHICLE was registered to LUBYK. Further, Paramus PD was unable at that time to determine that LUBYK had criminal history or outstanding warrants, or identify any issues with the purported FBI credentials.

11. During the stop, Paramus PD contacted an FBI field office in New York, but was unable before the conclusion of the stop to hear back from the FBI. However, shortly after the conclusion of the stop, agents in FBI's New York field office contacted Paramus PD, informing Paramus PD that the FBI did not employ any individual with LUBYK's name.

12. The following day, on or about July 9, 2019, FBI personnel confirmed that LUBYK is not employed by the FBI or any other federal government agency. Further, upon a review of records obtained from the Department of Homeland Security, law enforcement learned that the defendant is a citizen of the Republic of Georgia and is currently seeking asylum in the United States. As such, upon information and belief, LUBYK is not authorized to possess a firearm. Nonetheless, law enforcement has learned, pursuant to records obtained from the State of Connecticut, that LUBYK acquired a firearm permit issued by the State of Connecticut.

13. On or about July 11, 2019, a complaint charging LUBYK with impersonating a federal officer or employee in violation of 18 U.S.C. § 912 and with the possession of an official badge, identification card, or other insignia in violation of 18 U.S.C. § 701 was signed by the Honorable Mark Falk, United States Magistrate Judge, District of New Jersey. See 19-M-3786 (MF) (D. N.J.).

14. LUBYK was arrested on or about July 11, 2019. At that time, LUBYK verbally consented to a search of the TARGET VEHICLE and signed the appropriate consent form. Thus, I believe that LUBYK has provided valid consent to search the TARGET VEHICLE. However, because LUBYK also informed law enforcement that he may have legal representation, in an abundance of caution, I make this request for a search warrant of the TARGET VEHICLE.

15. Based on my training and experience, and my investigation in this case, there is probable cause to believe that LUBYK used the Subject Vehicle to help impersonate and act as if he was a law enforcement official, and that Federal identification documents and insignia or replicas of same, such as Federal Bureau of Investigations ("FBI") identification card, badge, security access card, parking placard, raid jacket, firearm and any other federal or law enforcement accessories and other evidence of the commission of the above specified federal offenses will be found in the Subject Vehicle.

## CONCLUSION

16. Based upon the foregoing, there is probable cause to believe that the TARGET VEHICLE was used in furtherance of the SUBJECT OFFENSES and that a search of the TARGET VEHICLE as described in Attachment A, to seize the items set forth in

Attachment B, may uncover evidence, fruits and/or instrumentalities of violations of the Subject Offenses.

_____
RYAN B. MCCUE
Special Agent
Federal Bureau of Investigation

Sworn to before me this
12th day of July, 2019

/s/ CLP
_____
THE HONORABLE CHERYL L. POLLAK
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property to Be Searched

The TARGET VEHICLE is a black 2009 Chevrolet Tahoe with VIN 1GNFK33089R140668, registered to Tornike Lubyk, 75 Main Street, Apt 1104, Norwalk, Connecticut, and any closed compartments and containers contained therein. The TARGET VEHICLE is known to be used by LUBYK. FBI agents found the TARGET VEHICLE parked at 50 Main Street, Hempstead, New York on or about July 11, 2019, and the TARGET VEHICLE was subsequently taken into FBI custody and towed to the Hempstead Police Department located at 99 James A. Garner Way, Hempstead, New York.

## ATTACHMENT B

### Items to Be Seized

This Warrant authorizes law enforcement to enter the TARGET VEHICLE specified in the caption to search for and seize instrumentalities, evidence, and fruits of violations of 18 U.S.C. §§ 912 and 701, and, specifically:

(A) Any Federal identification documents and insignia or replicas of same such as Federal Bureau of Investigations ("FBI") identification card, badge, security access card, parking placard, raid jacket, firearm, registration and permits for such firearm, and any other federal or law enforcement accessories;

(B) Materials and equipment used in manufacturing identification documents with authentication features, including, without limitation, document-making implements, printers, lamination machines, presses, and photography equipment. The term "authentication feature" means any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified; the term "document-making implement" means any implement, impression, template, computer file, computer disc, electronic device, or computer hardware or software, that is specifically configured or primarily used for making an identification document, a false identification document, or another document-making implement;

(C) Identification documents such as passports, driver's licenses, vehicle registration, alien cards, telephone calling cards, credit cards, social security cards, cedulas (foreign

national identity cards), employee identification cards, vehicle registrations, and photographs;

(D) Currency;

(E) Indicia of ownership, including registration, insurance documentation, or keys. This sought-after authorization includes, but is not limited to, the ability to x-ray the Subject Vehicle for hidden compartments in conjunction with officers from the United States Department of Homeland Security, Customs and Border Protection; and

(F) Safes, key-lock strong boxes, suitcases, locked cabinets, and other types of locked or closed containers used to secrete and store currency, identifications, records, documents, financial instruments, and other items of the sort described in subparagraphs (1) through (6) above. Law enforcement officers executing this Warrant are specifically authorized to open any such locked safes or containers including, where necessary, by using force.